𝕴𝖓 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘
𝕱𝖔𝖗 𝖙𝖍𝖊 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕾𝖔𝖚𝖙𝖍 𝕮𝖆𝖗𝖔𝖑𝖎𝖓𝖆
BEAUFORT DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC
2007 SEP -5  A 10: 39

| | |
|---|---|
| Harold Lee Pyatt, | ) |
| | ) Civil Action No. 9:06-3427-RBH-GCK |
| Plaintiff, | ) |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| A. Lane Cribb, Sheriff of Georgetown County; and County of Georgetown, | ) |
| Defendants. | ) |



The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On June 29, 2007, the defendants filed a motion for summary judgment. On July 6, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. This order was mailed to the Plaintiff's last known address 2394 Brownsferry Road, Georgetown, South Carolina 29940. The envelope containing this order was returned to the Clerk of Court.

As the plaintiff is proceeding *pro se*, the court filed a second order on August 2, 2007, giving the plaintiff an additional thirty days in which to file his response to the motion for summary judgment[1]. The Order also directed the Clerk of Court to mail to the plaintiff a copy of the motion for summary judgment and the Roseboro order to the plaintiff's original address of 1135 Jackson Village Road, Georgetown, SC 29440. This document has not been returned and the plaintiff has not responded.

---

[1] After a litigant has received <u>one</u> explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the Petitioner's failure to comply with that court order. See <u>Simpson v. Welch</u>, 900 F.2d 33, 35-36 (4th Cir.1990); <u>see also</u> <u>Ballard v. Carlson</u>, 882 F.2d 93, 95-96 (4th Cir.1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

                                         George C. Kosko
                                         United States Magistrate Judge

September 4, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).